# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANDREW MOYNIHAN,** *et al.* | : | CIVIL ACTION |
| *Plaintiffs, pro se* | : | |
| | : | NO. 19-648 |
| **v.** | : | |
| | : | |
| **THE WEST CHESTER AREA** | : | |
| **SCHOOL DISTRICT** | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                                             APRIL 6, 2020

## MEMORANDUM OPINION

**INTRODUCTION**

Plaintiffs Andrew and Karen Moynihan ("Plaintiffs"), the parents of C.M., filed this *pro se* action against Defendant The West Chester Area School District ("Defendant") under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.*[1] [ECF 3]. Before this Court is Defendant's *motion to dismiss*, filed pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), [ECF 14], and Plaintiffs response in opposition thereto. [ECF 16].

Notwithstanding the pending motion, this Court has an independent obligation to examine whether jurisdiction exists over this matter and may do so *sua sponte*.[2] In fulfillment of this obligation, this Court has carefully considered the facts alleged in this matter and finds, for the

---

[1] The IDEA was amended and renamed the Individuals with Disabilities Education Improvement Act (the "Act"), effective July 1, 2005. *See* Pub. L. No. 108-446, 118 Stat. 2715 (2005). Notwithstanding this change in the name of the statute, courts and litigants, including the parties in this action, continue to refer to this statute as the IDEA. *See, e.g.*, *H.E. v. Walter D. Palmer Leadership Learning Partners Charter Sch.*, 873 F.3d 406, 408 (3d Cir. 2017). For purposes of clarity and consistency, this Court will refer to the Act as the IDEA in this Memorandum Opinion.

[2] *See* Fed. R. Civ. P. 12(h)(3); *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) (holding that courts have an independent obligation to determine if they have subject-matter jurisdiction and can raise related concerns *sua sponte*).

reasons set forth herein, that subject-matter jurisdiction is lacking with respect to all but one component of the claim asserted by Plaintiffs. As to that component of Plaintiffs' claim over which this Court does have jurisdiction, Defendant's motion is granted, *in part*, and denied, *in part*.

**BACKGROUND**

On June 10, 2018, Plaintiffs requested an administrative hearing to address their due process complaint, in which they alleged that their child, C.M., who has Asperger Syndrome, was denied a free appropriate public education ("FAPE") in his thirteenth school year (the 2017-18 academic year), and to "demand reimbursement for the cost of psychological treatment that [C.M.] had obtained during the 2017-18 [academic year], including both cognitive behavior therapy and medication." Compl. Exhibit A at 23.[3] In support of this claim, Plaintiffs allege, *inter alia*, that Defendant: (1) implemented an IEP that was inadequate to prepare C.M. for college; (2) did not ensure that Plaintiffs and C.M. sufficiently understood how the two special programs that C.M. enrolled in were conducted; (3) did not monitor C.M.'s academic progress in C.M.'s classes at West Chester University of Pennsylvania ("WCU"); (4) took no action when C.M. began regressing academically, emotionally, and socially during the 2017-18 academic year; (5) did not revise C.M.'s IEP a sufficient number of times; (6) did not arrange for Plaintiffs to communicate with C.M.'s WCU professors; (7) encouraged C.M. to enroll in a collegiate dual-enrollment program at a university without knowing whether the credits would transfer to C.M.'s desired future college; and (8) limited C.M.'s college options by allowing C.M.'s grades to decline. Defendant generally denied these allegations and argued that it did provide C.M. with a FAPE.

---

[3] For ease of reference, all citations to the complaint refer to the pagination of ECF 3, without differentiating between the main text of Plaintiffs' complaint and Exhibit A. Within ECF 3, Exhibit A begins on page twenty-two (22).

The due process hearing, which included testimony and arguments, took place over several days and was presided over by Hearing Officer Brian Jason Ford (the "Hearing Officer"). Ultimately, the Hearing Officer found, *inter alia*, that Defendant had provided C.M. with a FAPE during the 2017-18 academic year, and denied Plaintiffs' FAPE claim. At the end of the 2017-18 academic year, C.M. graduated, received a high school diploma, and later enrolled in a community college. On February 15, 2019, Plaintiffs filed the underlying complaint appealing the Hearing Officer's decision.[4]

**SUBJECT-MATTER JURISDICTION**

The United States Constitution limits a federal court's jurisdiction to the adjudication of actual, ongoing cases and controversies. U.S. CONST. art. III, § 2; *Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 216 (3d Cir. 2003). Consequently, federal courts have an independent duty to determine whether subject-matter jurisdiction exists over matters before the court.[5] In light of this limited jurisdiction, "a case is moot when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Donovan*, 336 F.3d at 216 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)) (internal quotations omitted). Thus, a court's "ability to grant effective relief lies at the heart of the mootness doctrine." *Id.* at 216. If developments occur during the course of a case's adjudication that "eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." *Id.* at 216 (quoting *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996)).

---

[4] Plaintiffs did not request specific relief in their complaint. Rather, they simply state multiple times that they are appealing the Hearing Officer's decision, presumably in its entirety.

[5] *See supra* note 2.

Generally, cases that challenge a school's policy or actions, which are brought on behalf of students, are typically moot upon the student's graduation because a live case or controversy justifying declaratory or injunctive relief then ceases to exist. *Id.* at 216.[6] However, an "extremely narrow" exception applies *only* when a student's claims are "'capable of repetition, yet evading review.' For the narrow exception to apply, 'the challenged action [must be] too short in duration to be fully litigated before the case . . . become[s] moot' and 'there [must be] a reasonable expectation that the complaining party will be subjected to the same action again.'" *Mirabella v. William Penn Charter Sch.*, 752 F. App'x 131, 133-34 (3d Cir. 2018) (citing *Donovan*, 336 F.3d at 217). Notably, the United States Court of Appeals for the Third Circuit ("Third Circuit") has repeatedly held that this exception does not apply to students who have graduated and will not be returning to the underlying school. *See, e.g., Mirabella*, 752 F. App'x at 134 ; *K.K. v. Pittsburgh Pub. Sch.*, 590 F. App'x 148, 154 n.4 (3d Cir. 2014); *Donovan*, 336 F.3d at 217.

Under the IDEA, a qualifying disabled student is entitled to a FAPE until the student either graduates, or passes the age of twenty-one. 20 U.S.C. § 1412(a)(1)(A) (a FAPE is required "between the ages of 3 and 21"); 34 C.F.R. § 300.102(a)(3)(i) ("The obligation to make FAPE available . . . does not apply with respect to . . . [c]hildren with disabilities who have graduated from high school with a regular high school diploma."); *accord Moseley v. Bd. of Educ. of Albuquerque Pub. Schs.*, 483 F.3d 689, 692-93 (10th Cir. 2007); *Bd. of Educ. v. Nathan R.*, 199 F.3d 377, 381 (7th Cir. 2000); *D.C. v. Mount Olive Twp. Bd. of Educ.*, No. 12–5592, 2014 WL 1293534, at *31 (D.N.J. Mar. 31, 2014). Generally speaking, under the IDEA, plaintiffs can seek injunctive relief and, in some cases, reimbursement for services that a school failed to provide; in

---

[6] In *Donovan*, the United States Court of Appeals for the Third Circuit also references a series of cases supporting this principle, including cases from the United States Supreme Court and the Fourth, Seventh, Ninth, and Fifth Circuits. *Donovan*, 336 F.3d at 216.

4

contrast, compensatory and punitive damages are not available under the statute. *Chambers v. Sch. Dist. of Phila. Bd. of Educ.*, 587 F.3d 176, 184-86 (3d Cir. 2009). However, the remedy of injunctive relief is no longer available once a student graduates, and "any claim that a FAPE was deficient becomes moot." *T.S. v. Indep. Sch. Dist. No. 54*, 265 F.3d 1090, 1092 (10th Cir. 2001); *cf. Mirabella*, 752 F. App'x at 134 (finding that any injunctive relief under the Americans with Disabilities Act would have "no impact on [a graduated student] whatsoever[,]" thus, the former student's claims were moot and did not present an actual case or controversy).

A plaintiff's claims for reimbursement and/or compensatory education, however, can remain live controversies though a claim for injunctive relief is moot. *See Z.G. v. Pamlico Cnty. Pub. Schs. Bd. of Educ.*, 744 F. App'x 769, 778 n.15 (4th Cir. 2018) (collecting precedential cases from the First, Second, Eighth, and Ninth Circuits holding the same); *Lesesne v. District of Columbia*, 447 F.3d 828, 833 (D.C. Cir. 2006); *A.L. v. Alamo Heights Indep. Sch. Dist.*, 2018 U.S. Dist. LEXIS 176077 at *10-11 (W.D. Tex. Oct. 12, 2018) (collecting precedential cases from the First, Seventh, and Tenth Circuits holding the same); *I.K. v. Montclair Bd. of Educ.*, 2018 U.S. Dist. LEXIS 90733 at *11 (D.N.J. May 31, 2018) (citing *D.F. v. Collingswood Borough Bd. of Educ.*, 596 F. App'x 49, 52 (3d Cir. 2015), explaining that the unavailability of injunctive relief did not moot student's claim for compensatory education and/or tuition reimbursement). The fact that an individual is no longer entitled to a FAPE does not render moot claims that stem from past deprivations seeking quantifiable reimbursement for something the Local Education Agency ("LEA") should have previously provided. *See Me. Sch. Admin. Dist. No. 35 v. R.*, 321 F.3d 9, 18-19 (1st Cir. 2003); *Indep. Sch. Dist. No. 284 v. A.C.*, 258 F.3d 769, 774-75 (8th Cir. 2001).

In this civil action, Plaintiffs are appealing the Hearing Officer's (1) decision that Defendant provided C.M. with a FAPE in the 2017-18 academic year, and (2) denial of their

request for reimbursement. As delineated above, the primary tenor of Plaintiffs' complaint and subsequent pleadings is for injunctive relief—a type of relief which cannot be granted under the circumstances since C.M. graduated from high school at the end of the 2017-18 academic year and received a diploma. Upon C.M.'s graduation, C.M. ceased to be a high school student whose education falls under the purview of the IDEA. Therefore, C.M. is no longer entitled to a FAPE or any on-going protections afforded by the IDEA. Because Defendant is no longer obligated to provide C.M. with a FAPE, this Court cannot provide Plaintiffs any injunctive relief that might have stemmed from a review of the Hearing Officer's decision. Therefore, based on the case law and statutes cited, Plaintiffs' claim, as it seeks injunctive relief, does not present a live case or controversy and, therefore, is deemed moot.

As to the aforementioned narrow exception for claims that are "capable of repetition yet evading review," such an exception does not apply here. Clearly, now that C.M. has graduated and enrolled in college, there is no reasonable expectation that C.M. might again be subjected to the same action or return to the school district as a student subject to Defendant's decisions regarding an IEP, or that Defendant will be required to provide C.M. with a FAPE in the future. Further, the mere possibility that other individuals could bring similar claims in the future does not save this case from mootness. *Thomas R.W. v. Mass. Dep't of Educ.*, 130 F.3d 477, 480 (1st Cir. 1997) (citing *Lane v. Williams*, 455 U.S. 624, 634 (1982)).

Having determined that this Court lacks subject-matter jurisdiction over Plaintiffs' claim for injunctive relief, the only remaining component of Plaintiffs' claim is for non-injunctive relief in the form of "reimbursement for the cost of psychological treatment that [C.M.] had obtained during the 2017-18 [academic year], including both cognitive behavior therapy and medication."

Compl. Exhibit A at 23. This component of the claim is not moot and, therefore, will be addressed under the applicable legal standards.

**LEGAL STANDARD OF REVIEW**

Rule 12(b)(6) permits a court to grant a motion to dismiss an action if the complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler*, 578 F.3d at 210-11 (citing *Iqbal*, 556 U.S. at 677). The court must determine whether the plaintiff has pled facts sufficient to show a plausible entitlement to relief. *Fowler*, 578 F.3d at 211. The complaint must do more than merely allege a plaintiff's entitlement to relief—it must "show such an entitlement with its facts." *Id.* (citations omitted). The plaintiff "must allege facts sufficient to 'nudge [his or her] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. After construing the complaint in the light most favorable to the plaintiff, if the court finds that the plaintiff could not be entitled to relief, it can dismiss the claim. *Fowler*, 578 F.3d at 210.

Additionally, while filings by *pro se* litigants "must be held to less stringent standards than formal pleadings drafted by lawyers," such filings must still contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (quoting *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) and *Iqbal*, 556 U.S. at 678).

**DISCUSSION**

In its motion, Defendant makes three distinct arguments as to why Plaintiffs' claim should be dismissed for failure to state a claim. Each argument will be addressed separately as they pertain to Plaintiffs' remaining claim for "reimbursement" for therapy and medication.

*Failure to Plead Sufficient Facts*

Defendant argues that Plaintiffs' federal civil action complaint pleads insufficient facts to survive a motion to dismiss because it "is comprised, almost exclusively, of bald assertion (*sic*), conclusions, and Plaintiffs' own legal interpretations." Def. Br. at 2 (ECF 14). While Defendant is correct that the majority of Plaintiffs' *pro se* complaint consists of (1) legally conclusive statements, (2) expressions of dissatisfaction with the Hearing Officer's conduct, legal interpretations, and decision, and (3) questions about the legal standards that should be applied in this case, Defendant is mistaken that such contents render Plaintiffs' pleading insufficient.

When a party files a due process complaint under the IDEA and a hearing officer renders an unfavorable decision on that due process complaint, that aggrieved party has the "right to bring a civil action with respect to the [due process] complaint presented . . . in a district court of the United States" appealing that decision. 20 U.S.C. § 1415(i)(2)(A). While the IDEA does not prescribe any particular pleading requirements for the civil action complaint (like it does for the due process complaint), the statute does provide that in any such civil action, the court "shall receive the records of the administrative proceedings[.]" 20 U.S.C. § 1415(i)(2)(C)(i). Accordingly, with every civil action complaint appealing an administrative decision under the IDEA, courts receive the administrative record and decision. Here, as is customary, Plaintiffs attached the Hearing Officer's decision to their civil action complaint. The inquiry at this motion

8

to dismiss stage, in an IDEA appeal for failure to plead sufficient facts,[7] is whether Plaintiffs' civil action complaint: (1) indicated that it is an appeal of an administrative due process decision, (2) identified the relief sought, and (3) relied on the underlying Hearing Officer's decision and their due process complaint, which, itself, pled sufficient facts to state a claim for relief under the IDEA and satisfied the IDEA's pleading requirements. The precise issue, therefore, is whether Plaintiffs' comprehensive allegations, accepted as true, state a claim under the IDEA.[8]

Plaintiffs make the allegations briefly highlighted in the Background Section (*supra* p. 2) and, essentially, contend that the Defendant's failure to adequately monitor C.M.'s progress and amend C.M.'s IEP accordingly, caused C.M. to regress academically, emotionally, and socially during the 2017-18 academic year. Plaintiffs allege that Defendant's actions and omissions (collectively) demonstrate that Defendant denied C.M. a FAPE that academic year. Such allegations plausibly state a claim under the IDEA if a hearing officer or district court were to find that Defendant's alleged conduct was not reasonably calculated to enable C.M. to receive meaningful educational benefits, or that C.M.'s IEP was not responsive to C.M.'s individual needs. *See* 20 U.S.C. § 1414(d); 34 C.F.R. § 300.324; *Mary Courtney T. v. Sch. Dist. of Phila.*, 575 F.3d

---

[7] Obviously other grounds for dismissal involve different inquires.

[8] *Stringer v. St. James R-1 School District*, 446 F.3d 799, 802-03 (8th Cir. 2006), is particularly illustrative of the logic behind this inquiry. *Stringer* was a *pro se* IDEA appeal where the defendant moved to dismiss under Rule 12(b)(6) and argued "that plaintiffs failed to state a claim upon which relief can be granted because they pled only conclusions with no specific facts" and the civil action complaint simply consisted of a numbered list of "claims," including, *inter alia*, "1. Denied FAPE to [G.S.]" and a paragraph listing the relief sought. In its analysis, the Eighth Circuit explained that the civil action complaint, liberally construed, alleged that the student was denied a FAPE, and additional facts for context were provided in the administrative decision and order, which were attached to the civil action complaint and which was based on the plaintiffs' underlying due process complaint. The Court then clarified that the issue is "whether these allegations state a claim under the IDEA"—with "these allegations" referring to the additional facts provided in the administrative decision and order.

235, 240 (3d Cir. 2009). Therefore, this Court finds, at this stage of the proceedings, that Plaintiffs have alleged sufficient facts to state a claim under the IDEA.

### *Impermissible Remedy*

Next, Defendant argues that the relief Plaintiffs seek ("reimbursement" for psychological treatment including both cognitive behavior therapy and medication) is unavailable under the IDEA. Defendant is correct, in part, that compensatory damages are not available under the IDEA. *Chambers*, 587 F.3d at 184-86. However, reimbursement may be available for services that an LEA previously failed to provide. *Id*. Therefore, the inquiry before this Court is whether Plaintiffs seek monetary relief for the expenses they incurred for C.M.'s psychological treatment as *compensatory damages* or as *reimbursement*.[9] The reasoning behind each type of relief exemplifies the difference between them. For instance, if Plaintiffs are arguing that C.M. was denied a FAPE and, as a result of the denial, C.M. suffered psychological harm to the extent that C.M. required psychological treatment, then Plaintiffs would be seeking compensatory damages, which is not permitted. In contrast, if Plaintiffs are arguing that C.M.'s IEP(s) should have included psychological treatment and by failing to include such treatment in the IEP(s), Defendant denied C.M. a FAPE, then Plaintiffs would be seeking reimbursement, which is a remedy that is potentially available. Despite a careful review of the parties' filings, the Hearing Officer's decision, and the transcript from the administrative due process hearings, this Court is unable to conclusively determine which type of relief Plaintiffs are seeking. Because *pro se* complaints must be construed liberally,[10] this Court will construe Plaintiffs' complaint as seeking the permissible

---

[9] It is worth noting that Plaintiffs repeatedly refer to their monetary request as one for reimbursement, but they do not appear to use that term as a legal term of art in reference to the statute and applicable case law. Rather, Plaintiffs appear to intend for the word to carry its regular, plain English meaning; that is, Plaintiffs mean that they seek money in the amount of what they have spent on C.M.'s therapeutic care.

[10] *Fantone*, 780 F.3d at 193.

type of relief—i.e., monetary relief as *reimbursement*—at this stage in the proceedings. Thus, this Court declines to dismiss Plaintiffs' claim on the basis, as argued by Defendant, that Plaintiffs seek impermissible monetary relief.

However, if the relief Plaintiffs seek is of the type that is *never* permitted under the IDEA—neither as compensatory damages nor as reimbursement—then such a claim for relief cannot survive the motion to dismiss. This Court must, therefore, determine whether either of the two components of Plaintiff's monetary request—therapy and medication—are permissible relief under the IDEA.

A FAPE consists of "special education and related services." 20 U.S.C. § 1401(9). Thus, an IEP can include provisions for services that are defined as "related services" under the statute. The IDEA's list of related services includes "psychological services" and "counseling services." 20 U.S.C. § 1401(26)(a). Therefore, C.M.'s therapy could have been part of his IEP and, thereby, may serve as the basis for a reimbursement claim. In contrast, medication is not listed in the statute as a related service, and the Department of Education has specifically explained that "medication is an excluded 'medical service,' [in the context of 'related services'] and is not the responsibility of a public agency[.]"[11] 64 Fed. Reg. 12406, 12540 (Mar. 12, 1999) (codified at 34 C.F.R. pt. 300, 303); *see also* James Rapp, Education Law, § 10C.08, at 7(b) n.11 (2019). Because medication could not have been part of C.M.'s IEP, the cost of medication cannot be the basis for a reimbursement claim. Consequently, Defendant's motion to dismiss is granted, in part, and Plaintiffs' claim is dismissed to the extent that it seeks reimbursement or damages of any kind for

---

[11] Related services can include some medical services, but only to the extent that such services are "for diagnostic and evaluation purposes only," not for ongoing, regular medical care. 20 U.S.C. § 1401(26)(a). As demonstrated by the Department of Education's explanation, medication is generally not used for diagnostic or evaluation purposes; rather, it is a *product* used to provide ongoing medical care *after* the individual has been diagnosed or evaluated. Thus, the very nature of medicine is contrary to the type of medical services meant to be covered by the related services component of a FAPE.

the cost of medication that C.M. may have taken during the 2017-18 academic year. Defendant's motion is denied, in part, with respect to Plaintiffs' claim seeking reimbursement for the cost of C.M.'s psychological therapeutic services.

### *Failure to Exhaust*

As explained, Plaintiffs' claim remains only to the extent that they seek reimbursement for therapy C.M. obtained during the 2017-18 academic year. In the motion to dismiss, Defendant essentially argues that Plaintiffs failed to exhaust their claim because Plaintiffs' request for reimbursement "was never properly raised before the Hearing Officer at the administrative level." Def. Br. at 8 (ECF 14). Defendant is, however, mistaken.

Undisputedly, the IDEA requires a plaintiff to "first submit her case to an IDEA hearing officer" before filing a civil action. *Fry v. Napoleon Cmty. Sch.*, 137 S. Ct. 743, 754 (2017). Here, in their due process complaint, Plaintiffs alleged that Defendant denied C.M. a FAPE and sought reimbursement for, *inter alia*, C.M.'s therapy. Compl. Exhibit A at 23. The Hearing Officer acknowledged Plaintiffs' claim and demand in his decision. *See* Compl. Exhibit A at 23. Further, after conducting the due process hearing, the Hearing Officer denied and dismissed Plaintiffs' claim and requested remedies, in their entirety. As such, it is clear that Plaintiffs did submit their case to a hearing officer through the due process complaint and subsequent hearings, in accordance with the IDEA's provisions and, thus, exhausted their administrative remedies.

Nonetheless, Defendant relies on the following excerpt from the Hearing Officer's decision to argue that Plaintiffs' claim was not properly presented: "Nothing in the record substantiates the Parents' claim that they incurred expenses providing psychological services and medication to [C.M.] during the 2017-18 school year . . . . This type of evidence was not excluded – the Parents did not offer it." Compl. Exhibit A at 32-33. However, Defendant's reliance on this quote is

12

misplaced for two reasons. First, the Hearing Officer's observation (that the record was devoid of evidence indicating what expenses were incurred for C.M.'s psychological treatment) was written *to support his finding that Plaintiffs are not entitled to reimbursement or monetary damages*. The Hearing Officer made his decision based on that lack of evidence. The fact that Plaintiffs may have inadequately presented evidence at the due process hearing does not mean that they did not raise the issue of their demand for reimbursement relief at the administrative stage. To the contrary, Plaintiffs' lack of success and the Hearing Officer's issuance of an adverse decision on that particular remedy demonstrates that Plaintiffs *did raise* the issue at the administrative stage.

Secondly, Defendant's reliance is also misplaced because the Hearing Officer's quoted language does not conclusively resolve the exhaustion requirement, as Defendant's believe it does. The Hearing Officer wrote that evidence of C.M.'s need for, and expenses incurred from C.M.'s receipt of, psychological services was neither offered by Plaintiffs, nor excluded by him. *See* Compl. Exhibit A at 32-33. A careful review of the hearing transcript reveals that may not be an accurate statement.[12] As they point out in the civil action complaint, Plaintiffs sought to have several psychiatrists testify at the due process hearing, but were unable to do so because the Hearing Officer sustained Defendant's objections to those witnesses. Specifically, the testimonies of Doctors Kern, Milks, and Morely were excluded from the record (one of whom was C.M.'s treating psychiatrist). The pleadings and the transcript illustrate that there may have been some confusion as to the purposes for which the doctors' testimonies were sought (which is understandable given Plaintiffs' *pro se* status). Nevertheless, with all inferences being made in Plaintiffs' favor at this stage of the proceedings, it is possible that the excluded testimony could have provided the evidence that the Hearing Officer later found to be missing. Regardless of

---

[12] This Court is not holding or suggesting that the Hearing Officer made an error in refusing to admit the doctors' testimonies.

whether such evidence was excluded or not, the Hearing Officer's decision to deny Plaintiffs' request for reimbursement for the cost of C.M.'s therapy based on a lack of sufficient evidence does not render Plaintiffs' claim un-exhausted or, as Defendant argued, "not properly before this Court." Def. Br. at 8 (ECF 14). Therefore, this Court finds that Plaintiffs did administratively exhaust their claim. Accordingly, Defendant's motion is denied on that basis.

**CONCLUSION**

For the reasons stated herein, this Court finds that Plaintiffs' claim for injunctive relief does not present an actual case or controversy. Therefore, Plaintiffs' claim for injunctive relief is dismissed for lack of subject-matter jurisdiction.

Further, Defendant's motion to dismiss Plaintiffs' complaint is granted, in part, with respect to the component of Plaintiffs' claim seeking compensatory damages of any kind, and/or to the extent that it seeks *any* kind of monetary relief for C.M.'s medication.

Defendant's motion to dismiss Plaintiffs' complaint is denied, in part, with respect to the component of Plaintiffs' claim seeking reimbursement for therapeutic services provided to C.M. during the 2017-18 academic year.

An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.